IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10 MJ 9056 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| ROLAND LEE ANDERSON, | ) | **MEMORANDUM, OPINION, AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Summary

Roland Lee Anderson is charged in a criminal complaint dated July 28, 2010 with knowingly and intentionally possessing with intent to distribute 100 or more grams of heroin in violation of 21 U.S.C. §841(a)(1) and 841 (b)(1)(B).  At the initial appearance held on July 28, 2010, the government moved for detention under 18 U.S.C. §3142(f)(1).

I held a preliminary examination and detention hearing on August 9, 2010.  The United States appeared by Robert Corts, Assistant United States Attorney; and the defendant appeared in person and by his retained counsel, Marlon B. Evans.  Based on the evidence presented at the hearing, I conclude that probable cause exists that the offense charged in the complaint was committed and that Anderson committed it.  I also conclude that Anderson should be released on bond pending further order of the court because conditions may be imposed that will reasonably assure appearance at further proceedings and the safety of any other person and the community.  The motion for detention, therefore, is denied.

## Facts

The defendant, Roland Lee Anderson, age 43, is self employed in the real estate rehabilitation business.

Anderson resides in Southfield, Michigan and has lived his entire life in the Detroit area.  He has been married for the past two years to Tonya Anderson, and the couple have a seven month old child.  He has two children from previous relationships.

Anderson has no criminal record and no history of drug use on abuse.

The evidence introduced at the hearing shows that the Ohio State Patrol stopped a vehicle being driven by Anderson, and occupied by Calvin Sims as a passenger, on the Ohio Turnpike eastbound in Lorain County on July 22, 2010.  After a positive alert by a drug detecting dog, state troopers searched the vehicle and discovered approximately 393.5 gross grams of heroin behind the glove compartment in the dashboard.  The officers placed Anderson and Sims under arrest.  Upon search of Anderson's person, the troopers uncovered $3,360.00 in U.S. currency.

Prior to these arrests, authorities had been investigating heroin trafficking in Lorain County.  During the course of that investigation, the authorities had witnessed Sims participating in two controlled purchases with confidential informants in June of 2010. Before the July 22, 2010 arrest, however, Anderson had not been identified as a suspect.

**Probable Cause**

At the preliminary hearing the judicial officer must decide if "there is probable cause to believe that an offense has been committed and the defendant committed it."[1]  This mirrors the requirements of the Fourth Amendment.[2]  In determining if probable cause exists, a court must "examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause."[3]  The existence or non-existence of probable cause depends upon the totality of the circumstances.[4]

Anderson argues that his "guilt by association" with Sims and the car in which the heroin was found is not enough to support probable cause for his arrest and the charges brought against him in the complaint.  This argument fails in the face of clearly established Supreme Court precedent.

*Maryland v. Pringle,*[5] a Supreme Court case decided in 2003, presented facts substantially similar to those here.  The police arrested three men for possession with intent to distribute cocaine after a traffic stop and subsequent search yielded $763 in the glove compartment and 5 baggies of cocaine in an armrest in the back seat.[6]  At the time of the arrest and for a period thereafter, all three men denied any knowledge of the presence of the

---

[1]Fed.R.Crim.P. 5.1(e).

[2]*Maryland v. Pringle*, 540 U.S. 366, 371 (2003).

[3]*Id.*, quoting *Orlenas v. United States*, 517 U.S. 690, 695 (1996).

[4]*Id.*

[5]*Id.*

[6]*Id.* at 368.

drugs in the car.[7]  One of the defendants, Pringle, challenged the arrest as without probable cause because the only evidence was guilt by association.[8]

Chief Justice Rehnquist, writing for a unanimous court, disagreed.  He observed it was an "entirely reasonable inference" that "any or all three of the occupants had knowledge of, and exercised dominion and control over the cocaine."[9]  A reasonable officer could properly concluded that probable cause existed to believe that Pringle committed the crime "either solely or jointly."[10]  Further, "it was reasonable for the officer to infer a common enterprise among the three men" because "the quantity of drugs and cash in the car indicated a likelihood of drug dealing, and enterprise to which the dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him."[11]

Anderson cannot distinguish his situation from that of Pringle.  He drove a car containing a substantial amount of cash and quantity of heroin.  The arresting officer, and the agent swearing to the charging affidavit, reasonably inferred that both Anderson and Sims had knowledge of and exercised dominion and control over the heroin.  Probable cause, therefore, supports Anderson's arrest and the criminal complaint filed against him.

## Detention

---

[7]*Id.*

[8]*Id.* at 372.

[9]*Id.*

[10]*Id.*

[11]*Id.* at 373.

When a motion for pretrial detention is made, the court engages in a two-step analysis: first, the judicial officer determines whether one of six conditions exists for considering a defendant for pretrial detention; second, after a hearing, the court determines whether the standard for pretrial detention is met.[12]

A defendant may be considered for pretrial detention in only six circumstances: when a case involves one of either four types of offenses or two types of risks. A defendant is eligible for detention upon motion by the United States in cases involving (1) a crime of violence, (2) an offense with a maximum punishment of life imprisonment or death, (3) specified drug offenses carrying a maximum term of imprisonment of ten years or more, or (4) any felony where the defendant has two or more federal convictions for the above offenses or state convictions for identical offenses,[13] or, upon motion by the United States or the Court *sua sponte*, in cases involving (5) a serious risk that the person will flee, or (6) a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.[14] The existence of any of these six conditions triggers the detention hearing, which is a prerequisite for an order of pretrial

---

[12]*United States v. Friedman*, 837 F.2d 48, 49 (2ᵈ Cir. 1988).

[13]18 U.S.C. §3142(f)(1).

[14]*Id.*, §3142(f)(2); *United States v. Sloan*, 820 F.Supp. 1133, 1135-36 (S.D. Ind. 1993).

-5-

detention.[15]  The judicial officer determines the existence of these conditions by a preponderance of the evidence.[16]

Once it is determined that a defendant qualifies under any of the six conditions of §3142(f), the Court may order a defendant detained before trial if the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.[17]  Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required.[18]  With respect to reasonably assuring the appearance of the defendant, the United States bears the burden of proof by a preponderance of the evidence.[19]  With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence.[20]  Clear and convincing evidence is something more than a preponderance of the evidence but less than

---

[15]18 U.S.C. §3142(e).

[16]*Friedman*, 837 F.2d at 49.  *See United States v. DeBeir*, 16 F.Supp.2d 592, 595 (D. Md. 1998) (serious risk of flight); *United States v. Carter*, 996 F.Supp. 260, 265 (W.D.N.Y. 1998) (same).

[17]18 U.S.C. §3142(e).

[18]*United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

[19]*United States v. Portes*, 797 F.2d 156, 161 (3d Cir. 1986); *United States v. Vortis*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Himler*, 785 F.2d 327, 328-29 (D.C. Cir.), *cert. denied*, 479 U.S. 841 (1986); *Fortna*, 769 F.2d at 250; *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Leibowitz,* 652 F.Supp. 591, 596  (N.D. Ind. 1987).

[20]18 U.S.C. §3142(f); *United States v. Salerno*, 481 U.S. 739, 742 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F.Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986).

proof beyond a reasonable doubt.[21]  The standard for pretrial detention is "reasonable assurance;" a court may not order pretrial detention because there is no condition or combination of conditions which would *guarantee* the defendant's appearance or the safety of the community.[22]

Under 18 U.S.C. § 3142(e), a rebuttable presumption arises that no condition or combination of conditions will reasonable assure the appearance of the defendant as required and the safety of the community if, as here,[23] there is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq.  The defendant may rebut that presumption by evidence as to the factors identified in 18 U.S.C. § 3142(g).[24]  The factors identified by §3142(g) are as follows:

> (g)  **Factors to be considered.** – The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning –
>
> (1)  the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)  the weight of the evidence against the person;

---

[21]*Addington v. Texas*, 441 U.S. 418, 431-33 (1979).

[22]*Portes,* 786 F.2d at 764 n. 7; *Fortna*, 769 F.2d at 250; *Orta*, 760 F.2d at 891-92.

[23]Under 21 U.S.C. § 841(b)(1)(B), the maximum sentence for the offense charged in the complaint is 40 years.

[24]*United States v. Johnson*, No. 2:10mj353, 2010 SL 2683144, at *1 (S.D.Ohio, July 1, 2010); *United States v. Roberson*, No. CR-2-05-195 (4), 2006 WL 1804547, at *1 (S.D.Ohio, June 28, 2006).

(3)     the history and characteristics of the person, including –

(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The potentially long term of incarceration faced by Anderson, a consequence of the nature and characteristics of the offense charged involving a narcotic drug, weighs in favor of finding him a risk of flight.[25]

The weight of the evidence against Anderson - the drugs and money found in the care he was driving, and some of the statements made by him on the telephone call from the jail when he had no expectation of privacy - favor detention.  The evidence, however, is not as substantial as that against Sims.

On the other hand, Anderson's history and characteristics substantially weigh in favor of release.  At age 43 he has no criminal history or discernable history of drug use and abuse. He has lived his entire life in the Detroit area and has ties in that community, including a wife and a child by that wife.  He has a stable residence that Pretrial Services in the Eastern District of Michigan has verified is suitable for location monitoring.

_____

[25]*Johnson*, 2006 WL 2683144, at *2.

There exists no specific evidence that Anderson poses a danger to any person or the community if conditions are in place that will assure no participation in any narcotics transactions.

On balance, I conclude that Anderson has overcome the presumption in favor of detention, provided that Pretrial Services supervises him under conditions that will include location monitoring.  As soon as the electronic monitoring is set up at Anderson's home, Pretrial Services will notify the U.S. Marshal, and Anderson will be released after signing the required papers, which will provide for a $100,000 unsecured bond.  Anderson must comply with all conditions imposed by Pretrial Services, including electronic monitoring, drug testing, and, if appropriate, drug counseling.

In deciding not to detain Anderson at this time, I emphasize that this is a close call and that this release is zero tolerance.  Pretrial Services is hereby directed to advise me immediately of any violations of the terms of release.  Upon such notice I will require Anderson to appear before me forthwith for a bond revocation hearing.  His failure to do so will result in re-arrest.

Continuing supervision or direction of drug trafficking despite electronic monitoring and home detention presents a concern in cases like this.  To address this concern, Anderson is prohibited from having any contact with Calvin Sims or Hoisea Jackson.  He should know that law enforcement will be monitoring his activities.

It is so ordered.

Dated:   August 12, 2010

s/ William H. Baughman, Jr.
William H. Baughman, Jr.
United States Magistrate Judge